MANLEY CARRIAGE CO. *v.* FOWLER & HILL.

Opinion delivered April 16, 1917.

BILLS AND NOTES—PAYMENT TO PERSON OTHER THAN HOLDER.—Payment
   by the maker of a note to some one other than the *bona fide* holder
   thereof, does not discharge the same.

Appeal from Hot Spring Circuit Court; *W. H. Evans,*
Judge; reversed.

*E. H. Vance, Jr.,* for appellant.

The note has never been paid.   Appellant was an
innocent purchaser for value and without notice.

*D. D. Glover,* for appellees.

The evidence shows payment.

McCULLOCH, C. J.   This is an action instituted by
the Manley Carriage Company against Fowler & Hill, a
copartnership, to recover the amount of a negotiable note
in the sum of $40, executed by defendants to the Embree
Carriage Company, and by the latter transferred before
maturity to the plaintiff.   The trial of the cause before a
jury resulted in a verdict in favor of the defendants, and
the plaintiff has prosecuted an appeal to this court.

The plaintiff is a Missouri corporation engaged at
the city of St. Louis, in the business of manufacturing
and selling carriages and buggies, and the defendants re-
side at Malvern, Arkansas, where they are engaged in the
livery business.   In the spring of the year 1914 defend-
ants purchased buggies and other articles from one J. G.
Embree, who was also engaged in the buggy business in
St. Louis under the style of the Embree Carriage Com-
pany, the aggregate price of the purchases being the sum
of $160, and defendants executed therefor four negotiable
notes, each in the sum of $40, dated April 1, 1914, and pay-
able to the Embree Carriage Company on April 15, June
15, August 15 and October 15, 1914, respectively.   Embree
had an arrangement with the plaintiff to the effect that
when he sold buggies or other articles manufactured by
the plaintiff the latter would fill the order for him and re-

ceive from him the cash and notes obtained in settlement from the purchasers. The sale to defendants was handled in this manner, and on May 22, 1914, Embree delivered three of the notes to plaintiff properly endorsed and also paid over to them the sum of $37.35, which he had received from the defendants. Subsequently the defendants paid off two more of the notes, and this suit is on the note payable October 15, 1914; the last note of the series.

Defendants pleaded payment and undertook to prove that they paid off each of the four notes. The testimony adduced by the defendants tends to show that the four payments were made. They testify that Embree came to Malvern on or about April 15, and that they paid him the sum of $33 in discharge of the first note, after a deduction was made for freight charges; that they paid the amount of another note to Embree in the city of Malvern on May 15, 1914, this payment being made by check on a local bank; that they paid the third note on July 6, 1914, and paid the last note on April 22, 1915.

The testimony adduced by the plaintiff is that on May 22, 1914, Embree mailed to the plaintiff from Malvern $37.35, received from defendants, and the three notes due respectively June 15, August 15 and October 15, 1914. The two payments respectively of July 6, 1914, and April 22, 1915, were made to the plaintiff. The first of those notes was forwarded to a bank at Malvern and collected there. The second one was collected by Mr. Duffie, an attorney at Malvern, to whom the notes were sent for collection. Two notes were sent to Mr. Duffie and defendants paid one but refused to pay the other—the one now in suit.

The contention of fact between the parties arises over the alleged payment made by the defendants to Embree on April 15, 1914. The evidence was, sufficient to warrant the jury in finding that that payment was made as contended by defendants, but it was a payment in discharge of the first note, which was never assigned to the plaintiff and was never surrendered to the defendants, ac-

cording to their testimony. No information was given to the plaintiff concerning that payment, if it was in fact made to Embree, as claimed by the defendants. They testify that they paid Embree $33, but there is no testimony tending to show that the amount was ever paid over to the plaintiff. The amount of the second payment, which was made on May 15, was sent in to the plaintiff as a cash payment when the three notes were assigned and delivered to the plaintiff. Defendants claim that that payment was made in satisfaction of the second note, but they did not demand the surrender of the note and Embree assigned it to the plaintiff before maturity together with the other two notes.

Plaintiff was an innocent purchaser of the notes, and the payment by the defendants without surrender of the notes was not effective as a satisfaction against an innocent holder. There is not the slightest thing in the record to impeach the good faith of the plaintiff in the transaction, or to show that it was not an innocent purchaser. It is undisputed that the plaintiff received the notes for value, and the burden was on the defendants to show that the plaintiff received notice of the alleged payment to Embree before they delivered the notes. Notwithstanding the fact that there is sufficient evidence to warrant a finding that payment was made to Embree in April, we are of the opinion that the verdict of the jury is not supported by the testimony as to the payment covering the last note, now sued on. There appears to have been some confusion about the numbering of the notes in the series, but it is undisputed that the note payable October 15, 1914, is the one now in suit, and is the only note held by the plaintiff, the other two having been surrendered when paid. The first note, which became due on April 15, 1914, does not appear in the record, it never having been assigned to the plaintiff and defendants did not produce it. They say that Embree did not surrender it to them.

It follows, therefore, that the defendants have failed to sustain their plea of payment, and that the verdict in

their favor was unsupported by the evidence. The judgment is, therefore, reversed, and the cause is remanded for a new trial.