MANLEY CARRIAGE COMPANY v. FOWLER & HILL.

Opinion delivered November 29, 1920.

BILLS AND NOTES—INSTRUCTION.—In an action on a note which defendants claimed had been paid to plaintiff's assignor, plaintiff denying such payment, an instruction to find for defendants if plaintiff was not an innocent purchaser was erroneous; the jury should have been charged to find for plaintiff if the note had not been paid, but to find for defendants if the note had been paid, provided plaintiff was not an innocent purchaser.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*E. H. Vance, Jr.,* and *Albert W. Jernigan,* for appellant.

1. This is the second appeal in this case. 194 S. W. 708. The only additional testimony in behalf of defendant was that of George Luckadoo, whose testimony did strengthen defendant's plea of payment of the last note sued on, or as to agency of Embree.

2. The court erred in giving the fifteenth and sixteenth instructions, as there was no evidence upon which to base them. The evidence shows that the note sued on was transferred to plaintiff for a valuable consideration before maturity and has never been paid. The burden was on defendants, and they have utterly failed to prove their case.

*E. D. Gleason,* for appellees.

The instructions given are correct and the verdict is sustained by the evidence. The jury correctly decided the case.

SMITH, J. This is the second appeal in this cause, and the opinion on the former appeal contains a statement of the issues. *Manley Carriage Co.* v. *Fowler & Hill*, 128 Ark. 299, 194 S. W. 708.

The carriage company, hereinafter referred to as the plaintiff, sued to recover on one of four notes given in payment of an order placed by Fowler & Hill, hereinafter referred to as the defendants, with the Embree Carriage Company. The defendants testified that the note had been paid. This was denied by the plaintiff, which also claimed to have been a *bona fide* holder of the note at the time of the alleged payment. We reversed the judgment in favor of defendants, and in doing so said there was nothing in the record to show that the plaintiff was not an innocent purchaser.

The testimony at the trial from which this appeal comes is practically identical with that recited in the former opinion, except that we now have before us the additional testimony of J. G. Embree and George Luckadoo, and the insistence is that this additional testimony makes a question of fact for the jury.

The court gave numerous instructions at the request of the respective parties dealing with the question of the alleged agency of Embree.

An instruction numbered 16 stated the conditions necessary to constitute one an innocent purchaser, and in effect told the jury to return a verdict for defendants if the finding was made that plaintiff was not an innocent purchaser. This instruction was erroneous because plaintiff's ownership of the note is undisputed, and it therefore has the right to recover judgment on the note, whether it is an innocent purchaser or not, if the note has not been paid.

At the second trial there was offered in evidence a letter signed Embree Carriage Company, which was written on stationery with the following caption:

"EMBREE CARRIAGE CO.,
J. G. Embree, Gen. Mgr.
Embree-McLean High Grade Vehicles
Office 5469 Von Versen Ave.
St. Louis, Mo."

Embree admitted that he was not in the carriage business except to take orders, which were sent to the plaintiff to be filled, and that he had no factory at the address given above, or elsewhere. Embree-McLean was the name of a defunct company which went out of business in 1907 or 1908. The witness testified that plaintiff company passed on all his orders. That this was done for the purpose of determining whether the plaintiff company would fill the orders on time or require cash payments, and that when they were filled on time he turned over to plaintiff company any paper he had accepted from purchasers in payment of the orders given him, and that the note in suit passed to the plaintiff in this manner. In the letter referred to above, as well as in another letter, both of which were written more than a year after the transfer of the note in suit, Embree wrote the bank which had the note for collection and referred to the note in language indicating continued interest in it.

Luckadoo testified that in 1914, at about the time the sale was made out of which this litigation arose, he bought buggies from Embree, who was then representing plaintiff company and the Peters Buggy Company. Embree carried catalogues of both companies, but was pushing the sale of plaintiff's goods, although witness bought the Peters buggy. Embree made sales of plaintiff company's buggies in Hot Springs, which were delivered there, and continued to call on witness, as the representative of the plaintiff company, until 1918.

There is no question in this case of lack of consideration; and there has been no plea of failure of consid-

eration. Plaintiff company paid value for the notes, and is an innocent purchaser of the note in. suit, unless it took the note from Embree as its agent, a fact denied by its representatives and by Embree.

We think the record now before us presents a question which was not present in the former record, and that is whether plaintiff company was an innocent purchaser, and the decision of that question depends on the existence or absence of an agency contract between the plaintiff company and Embree.

The case is now fully developed, and upon a resubmission to the jury (which must be ordered because of the erroneous instruction set out above) the jury should be directed to find, first, whether the note has been paid. If it has not been paid, the finding should be for plaintiff, whether it is an innocent purchaser or not. A second question arises if the note has not been paid, and that is whether plaintiff is an innocent purchaser, and the answer to that question depends on the existence or nonexistence of an agency on the part of Embree.

For the error indicated, the judgment is reversed and the cause remanded with directions to submit these two questions of fact to the jury.